UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CHARLES SURBER, *ET UX.* )
)
v. ) NO. 2:03-CV-299
)
JIM BRASFIELD, M.D. )

## **ORDER**

The plaintiff's complaint is before the Court on the defendant's motion for summary judgment in this medical negligence case, in which the defendant submits that the plaintiff cannot establish any genuine issue of material fact on the issue of the defendant's deviation from the applicable standard of care. [Doc. 6].

Summary judgment is appropriate when "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proven that no disputed material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial.

*Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because he is the litigant opposing summary judgment. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*,

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

Id. at 871.

In order for the plaintiff to carry his burden in this medical negligence case, the plaintiff must establish by expert testimony that the defendant deviated from the recognized standard of acceptable practice, and that the deviation from the standard of care was the proximate cause of the plaintiff's injuries. *Tenn. Code Ann.* § 29-26-115. "[M]otions for summary judgment are generally inappropriate in professional malpractice cases." *Gambill v Middle Tennessee Medical Center,*

2

*Inc.*, 751 S.W. 2d 145, 146 (Tenn. Ct. App. 1998). However, "if the only issue is one which requires expert testimony and there is no expert response to an affidavit by an expert, then summary judgment is proper." *Id.*

The defendant submits that it is undisputed that the doctor acted within the recognized standard of care, and that no action or admission of the defendant proximately caused the plaintiff's injuries. However, the plaintiff has set forth sufficient evidence through expert testimony to establish that the elements of a medical negligence case are in dispute, and must be decided by a jury.

Given that the plaintiff has offered evidence which, viewed in the light most favorable to the plaintiff, produces a disputed question of fact as to the negligence of the defendant and the proximate cause of the plaintiff's injuries, the defendant's motion for summary judgment is **DENIED**. [Doc. 6].

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

3